IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JULIO DEL RIO, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:24-CV-881-RP |
| CROWDSTRIKE, INC., | § § § | |
| Defendant. | § | |

**ORDER**

Before the Court is Plaintiffs Julio Del Rio, Jack Murphy, and Steven Bixby's ("Plaintiffs") Motion to Consolidate Cases and Appoint Interim Class Leadership. (Dkt. 14). Plaintiffs ask the Court to consolidate this action with another case before this Court, *Harlan et al. v. CrowdStrike Holdings, Inc. et al.*, No. 1:24-cv-954-RP ("*Harlan*"), that Plaintiffs argue involves similar questions of law and fact. (*Id.* at 1). Plaintiffs also seek appointment of certain attorneys as Interim Co-Lead Class Counsel and Executive Committee Members. (Dkt. 14, at 16–20). Defendant CrowdStrike, Inc. ("CrowdStrike") filed a response noting their non-opposition to limited consolidation for the discovery phase of the case but opposing consolidation for all purposes up to and including trial and opposing the appointment of interim lead counsel as premature. (Dkt. 16). Having considered the parties' submissions, the record, and the applicable law, the Court will grant the Plaintiffs' motion.

**I. BACKGROUND**

CrowdStrike is a firm that offers cybersecurity services and products, including a software security platform. (Dkt. 14, at 3). Plaintiffs allege that CrowdStrike released a flawed security update without sufficient testing, which caused a global outage of its customers' computer systems. (*Id.*). They allege that the outage affected travelers who were waiting in airports for hours or days, incurring associated travel expenses and forfeiting expenses for plans that they missed as a result. (*Id.*

1

at 4). The instant case and the *Harlan* actions were both filed in response, both naming CrowdStrike, Inc. as a Defendant. (*Id.*). The *Harlan* action additionally names CrowdStrike Holdings, Inc., CrowdStrike, Inc.'s parent company, as a Defendant. *See generally Harlan*, No. 1:24-cv-00954-RP, ECF No. 1. Both seek damages and assert class action claims on behalf of plaintiffs who are individuals affected by the software outages. (*Id.*). No responsive pleading or dispositive motion has been filed in either case. (*Id.*).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) permits a district court to consolidate "actions before the court involv[ing] a common question of law or fact." District courts have broad discretion in determining whether to consolidate cases. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989). Consolidation is proper when it will avoid unnecessary costs or delay without prejudicing the rights of the parties. *See id.*; *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). The factors that courts consider when determining whether to grant consolidation include: "(1) whether the actions are pending before the same court; (2) whether the actions involve a common party; (3) any risk of prejudice or confusion from consolidation; (4) the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; (5) whether consolidation will reduce the time and cost of trying the cases separately; and (6) whether the cases are at the same stage of preparation for trial." *See RTIC Drinkware, LLC v. YETI Coolers, LLC*, No. 1:16-cv-907-RP, 2017 WL 5244173, at *2 (W.D. Tex. Jan. 18, 2017) (citations omitted).

Additionally, Rule 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Rule 23(g) lists four factors courts should consider when selecting interim class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's

experience in handling class actions, other complex litigation, and the types of claims asserted in the class action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A); *Phillips v. Bay Bridge Adm'rs, LLC*, No. 1:23-CV-022-LY, 2023 WL 3273119, at *1 (W.D. Tex. Apr. 24, 2023). Courts also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Phillips*, 2023 WL 3273119, at *1 (quoting Fed. R. Civ. P. 23(g)(1)(B)).

### A. Consolidation of the Cases is Appropriate

First, the Court finds that consolidation is appropriate because of the similar facts and questions of law between the two cases, their similar posture, and the fact that they are pending before the same Court. The cases arise from the same set of common facts, a global outage of CrowdStrike's customers' computer systems which caused airline delays, and name a common defendant, CrowdStrike. (Dkt. 14, at 3–4). The actions are proceeding simultaneously, and there is a risk of inconsistent adjudications if the actions are tried separately. The actions are also pending before the same Court and are at the same early stage (discovery not having begun in either case). Courts routinely grant consolidation at this stage. *E.g., Tex. Gen. Land Off. v. Biden*, No. 7:21-cv-00272, 2021 WL 5588160, at *4 (S.D. Tex. Nov. 29, 2021). As such, the Court finds that consolidation will avoid unnecessary costs or delay without prejudicing the rights of the parties.

CrowdStrike opposes consolidating other than "for pretrial discovery purposes" and asks this Court to "make a decision on further consolidation after Plaintiffs have filed the consolidated amended complaint—which will illuminate the structure of this action, including Plaintiffs' putative classes and causes of action—and after discovery has revealed any natural cleavages between the actions." (Dkt. 16, at 2–3). The Court finds that this arrangement would not be in the interest of judicial efficiency. Again, it is not atypical for consolidation to occur early in a case. *E.g., Tex. Gen. Land Off.*, 2021 WL 5588160, at *4. And the proposed class definitions between the two actions

overlap: both plaintiff groups seek to represent classes of individuals impacted by the CrowdStrike software outage, and the *Harlan* plaintiffs seek to represent a subclass of Delta Airlines customers. (Dkt. 14, at 6). The Court finds that the questions of law and fact are similar enough to warrant consolidation, and in the interest of promoting judicial efficiency, it sees no need for consideration of the same consolidation inquiry pre- and post-discovery. *See Lockhart v. El Centro Del Barrio*, No. SA-23-CV-01156-JKP, 2024 WL 303253 at *2 (W.D. Tex. Jan. 25, 2024) (consolidating class actions based on the same underlying event and brought on behalf of similar classes).

Defendants raise that discovery could reveal further distinctions between the two cases, such that, "for example, Delta-specific issues . . . could pervade," (Dkt. 16, at 2), but that is not a reason to withhold a decision on certification until later in the litigation. To the contrary, courts routinely consolidate class actions with similar, but not identical, claims. *See, e.g., Edwards v. McDermott Int'l, Inc.*, No. 4:18-CV-4330, 2021 WL 1415900, at *2 (S.D. Tex. Apr. 12, 2021). To the extent the Defendants wish to raise defenses as to the class definition or appropriateness of certifying any class or subclass, including by raising arguments about the commonality of a proposed class or subclass after discovery or after the amendment of the complaint, they may raise those issues in their class certification briefing; there is no need to bifurcate the Court's consideration of the consolidation issue based on a possible need for a subclass that may arise later in the litigation. "Whether certification of a class or of subclasses is ultimately appropriate" and "whether certification of a collective action is appropriate for *any* group" are both "questions for another day." *Agee v. Wayne Farms, L.L.C.*, No. 2:06cv268KS-MTP, 2007 WL 9773488, at *2 (S.D. Miss. Apr. 2, 2007).

Finally, CrowdStrike argues that the consolidated complaint "should count as Plaintiffs' one amendment as of right under Rule 15(a)(1)." (Dkt. 16, at 4). CrowdStrike has not, however, filed a response or an answer to the original Complaint in either this action or in *Harlan*; rather, CrowdStrike moved this Court to vacate its answer/response deadline in both the *Del Rio* and the

4

*Harlan* actions pending this Court's ruling on the instant motion. (Dkt. 18, at 2). The Court finds that, considering Rule 15's presumption in favor of liberal pleading, it is appropriate to permit Plaintiffs to file their consolidated complaint in this scenario, where two cases have been consolidated and there is no indication of prejudice to Defendants from liberally granting an amendment to the pleadings at this early stage. *See Foman v. Davis*, 371 U.S 178, 182 (1962) ("[L]eave to amend shall be freely given when justice so requires."); *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997) ("Rule 15(a) expresses a strong presumption in favor of liberal pleading[.]"). Also, because Defendants have not responded—and will not respond, (Dkt. 18)—to the original Complaint in either case, the Court sees no need to treat the filing of a consolidated complaint as an amendment as a matter of course for purposes of Rule 15. Rather, this Court will allow Plaintiff to file their consolidated complaint, and then the parties, as they requested, (Dkt. 18), may propose a scheduling order as to their proposed timeline for responding to it. Plaintiffs' consolidated complaint will be treated as an initial pleading for purposes of Rule 15(a), meaning Plaintiffs may separately amend their pleading as a matter of course in accordance with Rule 15's requirements.

### B. Appointment of Interim Counsel is Warranted

Plaintiffs propose as interim lead class counsel Ben Barnow of Barnow and Associates, P.C. and Rob Shelquist of Lockridge Grindal Nauen PLLP, (Dkt. 15, at 11). Having reviewed the attorneys' credentials and supporting declarations, the Court finds that both are highly qualified to serve as interim lead counsel in this action based on their experience litigating numerous complex class action cases in federal courts. (*Id.* at 10–15) (collecting cases). Counsel have investigated the facts and claims at issue in this case and attest that they are committed to investing resources into prosecuting the claims on behalf of the proposed class members effectively and efficiently. (*Id.* at 17). Plaintiffs additionally seek appointment of several attorneys as members of an Executive Committee: Cory S. Fein of Cory Fein Law Firm, Warren T. Burns of Burns Charest LLP, Charles J.

LaDuca of Cuneo Gilbert & LaDuca, LLP, and J. Barton Goplerud of Shindler, Anderson, Goplerud & Weese, P.C. They have similarly provided this Court with their credentials and examples of their class action litigation work. (*Id.* at 16–20). This Court, having reviewed both the proposed interim co-lead class counsel and the proposed Executive Committee, finds that the interim class counsel is appropriately suited to be appointed to represent the instant putative class and that Plaintiffs' motion should be granted.

CrowdStrike does not oppose the proposed appointment of these attorneys based on their credentials or experience, but instead argues that the appointment of interim class counsel is "premature and unnecessary at this time." (Dkt. 16, at 4). They argue that "the attorneys requesting appointment are already attorneys of record," "there are only two pending actions," and "there is no indication of rivalry" between the groups of attorneys. (Dkt. 16, at 5). Plaintiffs reply that they seek interim counsel to better "achiev[e] efficiency and economy" in the litigation. (Dkt. 17, at 6). They note that Defendants have not claimed that appointing interim counsel would prejudice them. (*Id.*).

This Court has discretion to decide whether appointing interim class counsel is appropriate. *See Lee v. Samsung Electronics Am., Inc.*, No. 4:21-cv-1321, 2023 WL 2328442, at *6 (S.D. Tex. Feb. 3, 2023). The Court finds that, as this case is a nationwide class action case and may raise complex factual issues or discovery disputes even at an early stage, it would be helpful to the parties and to the Court to have a clear attorney leadership structure across the two plaintiff groups. As for CrowdStrike's arguments, the Court also declines to find that to obtain appointment of interim lead class counsel, attorneys must make a showing that they have a rivalry or are otherwise failing to cooperate, are seeking to consolidate multiple (as opposed to two) cases, or are seeking to appoint counsel outside of those who have already been working on the case. Such rules would incentivize non-cooperation among class action attorneys and work against judicial economy in class action cases. This Court also agrees with Plaintiffs that appointing appropriate interim counsel can help

"achieve efficiency and economy" in the litigation of this action and promote continued cooperation between the plaintiff groups and among their attorneys. (Dkt. 17, at 6). Moreover, the Court also finds that appointing interim class counsel does not create prejudice to CrowdStrike. (*Id.*).

In light of the lack of opposition as to the suitability of Plaintiffs' proposed interim class counsel, and based on a review of their qualifications, the Court will grant Plaintiffs' motion to appoint the interim lead counsel.

### III. CONCLUSION

Having considered Plaintiffs' motion, the Court finds that it should be granted.

**IT IS ORDERED** that Plaintiffs' Motion to Consolidate Cases and Appoint Interim Class Leadership, (Dkt. 6), is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. Pursuant to Federal Rule of Civil Procedure 42(a), the Court hereby consolidates *del Rio, et al. v. CrowdStrike, Inc.*, No. 1:24-cv-00881-RP, and *Harlan et al. v. CrowdStrike Holdings, Inc. et al*, No. 1:24-cv-00954-RP (each a "Related Action" and together the "Consolidated Action") under the docket number of the first-filed case: 1:24-cv-00881-RP ("Master Docket").

2. No further filings shall be made in Case No. 1:24-cv-00954-RP, which shall be administratively closed. All pleadings therein maintain their legal relevance until the filing of the Consolidated Complaint. This Order shall apply to any subsequently filed putative class action alleging the same or substantially similar allegations.

3. All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

4. Any Plaintiffs in the Related Actions shall file a Notice of Related Case whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If

any party objects to such consolidation or otherwise wishes to seek alternative relief, they shall do so within ten calendar days. If the Court determines that the case is related, the Clerk shall: place a copy of this Order in the separate docket for such an action; serve on Plaintiff's counsel in the new case a copy of this Order; direct this Order to be served upon Defendants in the new case; and make the appropriate entry on the Master Docket.

5. The Court appoints Ben Barnow of Barnow and Associates, P.C. and Robert K. Shelquist of Lockridge Grindal Nauen PLLP as Interim Co-Lead Class Counsel to lead the litigation and to assure its orderly prosecution, with the responsibilities set forth below:

   a. Finalizing and filing all pleadings, briefs, motions, and other papers on behalf of Plaintiffs and the putative class;

   b. Initiating, coordinating, and conducting all pretrial discovery for the benefit of Plaintiffs and the putative class, including causing the issuance of interrogatories, document requests, requests for admission, subpoenas, and examining witnesses at depositions;

   c. Conducting all settlement negotiations on behalf of Plaintiffs and the putative class;

   d. Acting as the spokespersons for Plaintiffs and the putative class at pretrial proceedings in response to the Court's inquiries, subject to any right of individual Plaintiffs' counsel to present non-repetitive, individual, or different positions as directed by the Court;

   e. Conducting trial and post-trial proceedings;

   f. Conducting all appeals;

    g. Consulting with and employing consultants and experts as they may deem appropriate;

    h. Negotiating and entering into stipulations with Defendants regarding the litigation;

    i. Monitoring the activities of Plaintiffs' counsel to ensure that schedules are met and unnecessary expenditures of time and money are avoided;

    j. Coordinating and communicating with Defendants' counsel with respect to the matters addressed in this paragraph; and

    k. Performing such functions as may be expressly authorized by further orders of the Court.

6. The Court appoints a Plaintiffs' Executive Committee of Cory S. Fein of Cory Fein Law Firm, Warren T. Burns of Burns Charest LLP, Charles J. LaDuca of Cuneo Gilbert & LaDuca, LLP, and J. Barton Goplerud of Shindler, Anderson, Goplerud & Weese, P.C. Plaintiffs' Executive Committee will work with Interim Co-Lead Class Counsel to ensure that work is completed efficiently and without duplication.

7. It is the Court's intent that, as to all matters common to these coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through Interim Co-Lead Class Counsel and Plaintiffs' Executive Committee.

8. All other plaintiffs' counsel who are or may become involved in this Action are prohibited from taking any action on behalf of the putative class without advance authorization from Interim Co-Lead Class Counsel, except for an application to modify or be relieved from this Order.

9. Counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in this action, and to conduct themselves in a manner consistent with the Local Rules of the United States District Court for the Western District of Texas.

10. This Order shall apply to any action filed in, transferred to, or removed to this Court, which relates to the subject matter at issue in this case.

11. Plaintiffs shall file a Consolidated Complaint no later than thirty (30) days following the entry of this Order.

**SIGNED** on November 6, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE